UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

JOHN WILEY & SONS, INC.,

        Plaintiff,

- against -

JOHN DOES NOS. 1-35,

        Defendants.

------------------------------------------------------- X

**ORDER**

12 Civ. 2400 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

      John Wiley & Sons ("Wiley") has filed an *ex parte* application for authorization to serve subpoenas on third-party Internet Service Providers ("ISPs") seeking to identify Doe defendants whom Wiley alleges have illegally shared its copyrighted works.[1] As Judge Alison Nathan has recently observed:

> Litigation of this nature, involving *ex parte* applications for expedited discovery of identifying information pertaining to hundreds or thousands of John Doe defendants, is proliferating in this district and throughout the country. Some courts, faced with these *ex parte* applications for expedited discovery, have expressed serious concerns about the nature of the litigation and have denied the *ex parte* applications or severed all but one of the Doe defendants. Other courts have granted the applications and issued orders allowing the

---

[1] *See* Docket No. 3

1

expedited discovery to proceed in order to identify the Doe defendants.[2]

For the reasons explained by Judge Nathan, a protective order is appropriate in order to permit Doe defendants and the ISPs to be heard in this matter before the identifying information is revealed to Wiley. Therefore,

IT IS HEREBY ORDERED that Wiley may immediately serve a Rule 45 subpoena on the ISPs listed in Exhibit A to the application to determine the identity and address of Does 1-35.

IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service of the Rule 45 subpoena upon them to serve Does 1-35 with a copy of the subpoena and a copy of this order. The ISPs may serve Does 1-35 using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that Does 1-35 shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over the Doe defendants' identifying

---

[2] *Digital Sin, Inc. v. Does 1-176*, 12 Civ. 126, 2012 WL 263491, at *1 (S.D.N.Y. Jan. 30, 2012).

information to Wiley before the expiration of this 30-day period. Additionally, if a defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any information to Wiley until the issues have been addressed and the Court issues an Order instructing the ISPs to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 30-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A Doe defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as her or his filing also notify all ISPs so that the ISPs are on notice not to release any of the Doe defendants' contact information to Plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

IT IS FURTHER ORDERED that an ISP that receives a subpoena pursuant to this order shall confer with Wiley and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that Wiley shall serve a copy of this Order along with any subpoenas issued pursuant to this order to the listed ISPs.

IT IS FURTHER ORDERED that any information ultimately disclosed to Wiley in response to a Rule 45 subpoena may be used by Wiley solely for the purpose of protecting Wiley's rights as set forth in its complaint.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         April 9, 2012

- **Appearances** -

**For Plaintiff:**

Samantha Ann Morrissey, Esq.
William Irvin Dunnegan, Esq.
Dunnegan, LLC
350 Fifth Avenue
New York, NY 10118
(212) 332-8300